IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MARK DOWNEY,

           Plaintiff,

v.                                            CIVIL ACTION NO.  2:19-cv-00497

UNITED STATES OF AMERICA, *et al.*,

           Defendants.

**PROPOSED FINDINGS & RECOMMENDATION**

    This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 5.) For the reasons explained more fully herein, it is respectfully **RECOMMENDED** that, pursuant to 28 U.S.C. § 1915(e)(2)(B), the presiding District Judge **DISMISS** Plaintiff's complaint (ECF No. 2) because it is frivolous and fails to state a claim upon which relief may be granted.

I.    BACKGROUND

    This action is one of many nearly identical actions that Plaintiff Mark Downey ("Plaintiff") has filed in federal courts across the country. *See, e.g.*, *Downey v. United States*, No. 4:19-cv-1844 SPM, 2019 WL 5653602 (E.D. Mo. Oct. 31, 2019); *Downey v. United States*, No. 19-cv-1258-CFC, 2019 WL 5595294 (D. Del. Oct. 30, 2019); *Downey v. United States*, No. 19-cv-04200-BLF, 2019 WL 5079552 (N.D. Cal. Oct. 10, 2019); *Downey v. United States*, No. 5:19-cv-391-WOB, 2019 WL 4855145 (E.D. Ky. Oct. 1, 2019); *Downey v. United States*, No. 5:19-cv-05124, 2019 WL 3848947 (W.D. Ark. Aug.

15, 2019); *Downey v. United States*, Nos. 19-CV-5985 (CM), 19-CV-6646 (CM), 2019 WL 3553360 (S.D.N.Y. Aug. 5, 2019); *Downey v. US of Am.*, No. PX-19-1872, 2019 WL 2921788 (D. Md. July 8, 2019); *Downey v. United States*, No. 19-899C, 2019 WL 4014204 (Fed. Cl. Aug. 23, 2019).

The entirety of Plaintiff's complaint appears to be an amalgamation of no fewer than three separate complaints. (ECF Nos. 2, 2-1, 2-2.) Plaintiff, who claims that he is "a former Federal Forensic Scientist/Technologist/Programmer on a Federal Disability," purports to represent the federal government in a *qui tam* action under the False Claims Act, 31 U.S.C. §§ 3729–33, and as a whistleblower under the Dodd–Frank Wall Street Reform and Consumer Protection Act's whistleblower protection provisions, 15 U.S.C. § 78u-6. (ECF No. 2 at 4; ECF No. 2-1 at 2; ECF No. 2-2 at 2, 5.) He also asserts violations of a number of other federal civil and criminal statutes, as well as the Constitution's Eighth Amendment. (ECF No. 2-1 at 3–6; ECF No. 2-2.) As best the undersigned can discern, the factual basis underlying Plaintiff's claims appears to be that he submitted some work to various federal agencies that he alleges would assist in "eliminat[ing] the mounting $21 Trillion Federal Budget Deficit for our Children's Children." (ECF No. 2-1 at 2; ECF No. 2-2 at 5.) However, he asserts that the federal government "orchestrated a *war* to decimate all of his efforts to Balance the Federal Budget" by destroying his submissions. (ECF No. 2-1 at 2 (emphasis in original); ECF No. 2-2 at 6 (emphasis in original); *see* ECF No. 2 at 4.) He seeks "$11.6865 Billion" in damages. (ECF No. 2 at 4; ECF No. 2-1 at 7.)

In addition, Plaintiff alleges that a number of nonprofit organizations are "'hoarding' money" and "not serving in the best interest of the General Public." (ECF No. 2-2 at 23.) He asks that their status as nonprofit organizations be revoked. (*Id.* at 24.)

2

However, Plaintiff has not named any of these organizations as parties to this action. (*See* ECF No 2-2 at 1–2.)

## II. LEGAL STANDARD

Where, as here, a plaintiff seeks to proceed in forma pauperis, this Court has a duty to "screen initial filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)); *see* 28 U.S.C. § 1915(e). This Court must "dismiss a complaint filed *in forma pauperis* 'at any time if [it] determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'" *Eriline Co.*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)). "[A] complaint 'is frivolous where it lacks an arguable basis either in law or in fact'" or is otherwise "meritless, abusive, or . . . baseless." *Nagy v. FMC Butner*, 376 F.3d 252, 256 (4th Cir. 2004) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Similarly, when reviewing an *in forma pauperis* complaint for failure to state a claim, this Court applies the same standards that it applies to review a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)). That is, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id.* at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)). This Court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Thomas*, 841 F.3d at 637 (internal quotation marks omitted).

### III. ANALYSIS

In general, Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." This requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). But aside from Plaintiff's general allegations that he submitted documents to the federal government and his submissions were deleted or ignored, there is nothing else in Plaintiff's nearly one-hundred-page complaint to indicate how the named defendants' conduct violated any of the laundry list of civil and criminal statutes under which he seeks to make a claim. (*See* ECF Nos. 2, 2-1, 2-2.) His allegations are confusing, convoluted, and anything but "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Plaintiff's complaint should be dismissed on this ground alone.

4

Beyond that, however, Plaintiff's claims fail for other reasons. For one, "[a] lay person may not bring a *qui tam* action under the False Claims Act." *United States* ex rel. *Brooks v. Lockheed Martin Corp.*, 237 F. App'x 802, 803 (4th Cir. 2007) (per curiam) (citing *United States* ex rel. *Lu v. Ou*, 368 F.3d 773, 775–76 (7th Cir. 2004)). Because "the United States is the real party in interest" in such an action, "the need for adequate legal representation on behalf of the United States counsels against permitting pro se suits." *Id.* (citing *United States* ex rel. *Milam v. Univ. of Tex.*, 961 F.2d 46, 50 (4th Cir. 1992)). Accordingly, Plaintiff may not pursue a False Claims Act suit because he proceeds pro se.

Second, as to Plaintiff's Dodd–Frank Wall Street Reform and Consumer Protection Act whistleblower claim, that statute allows an award to "a person who provides 'information relating to a violation of the securities laws to the [Securities and Exchange] Commission.'" *Digital Realty Trust, Inc. v. Somers*, 138 S. Ct. 767, 772 (2018) (quoting 15 U.S.C. § 78u-6(a)(6)). Plaintiff's complaint never once mentions "a violation of the securities laws" or the Securities and Exchange Commission, let alone alleges that he reported such a violation to the Commission. (*See* ECF Nos. 2, 2-1, 2-2.) As such, there is no basis for a viable claim under this statute.

Next, to the extent Plaintiff seeks to bring claims under federal criminal statutes, he "do[es] not have the right to institute a criminal prosecution or to enforce criminal statutes." *Zegato Travel Sols., LLC v. Bailey*, No. TDC-14-3808, 2014 WL 7365807, at *2 (D. Md. Dec. 22, 2014) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990)). Therefore, his claims based on those statutes must fail.

Plaintiff also purports to bring a claim for unlawful cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution, but the Eighth Amendment's protections "attach[] after conviction and sentence." *McKinney v. Johnson*, No. 2:09-1353-JFA-RSC, 2010 WL 3463118, at *3 (D.S.C. June 30, 2010). It does not appear that Plaintiff is presently incarcerated, nor does he allege that he was criminally charged, convicted, and sentenced. (*See* ECF Nos. 2, 2-1, 2-2.) Accordingly, he can bring no claim under the Eighth Amendment.

In sum, the undersigned agrees with the other courts that have addressed the many complaints Plaintiff has filed across the country that "Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely." *Downey*, 2019 WL 3553360, at *2.

## IV. RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that, pursuant to 28 U.S.C. § 1915(e)(2)(B), the presiding District Judge **DISMISS** Plaintiff's complaint (ECF No. 2) because it is frivolous and fails to state a claim upon which relief may be granted.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period

Case 2:19-cv-00497   Document 7   Filed 12/03/19   Page 7 of 7 PageID #: 125

may be granted by the presiding District Judge for good cause shown. Copies of any objections shall be provided to the opposing party or, if it is represented by counsel, to its counsel, and to Judge Goodwin.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

ENTER: December 3, 2019

Dwane L. Tinsley
United States Magistrate Judge