IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MARK DOWNEY,

        Plaintiff,

v.                                        CIVIL ACTION NO. 2:19-cv-00497

UNITED STATES OF AMERICA, et al.,

        Defendants.

**ORDER**

Before this Court are the Motion to Quash Sovereign Immunity, Motion to Accommodate the Disabled, Motion to Expedite & Seal, and Motion to Refer Criminal Case to the US Attorney filed by Plaintiff Mark Downey ("Plaintiff"). (ECF No. 3.) In light of the Proposed Findings & Recommendation filed contemporaneously herewith (ECF No. 7), Plaintiff's Motion to Quash Sovereign Immunity, Motion to Accommodate the Disabled, and Motion to Expedite are **DENIED AS MOOT**.

As to Plaintiff's Motion to Refer Criminal Case to the US Attorney, Plaintiff's "request is not cognizable because no citizen has an enforceable right to institute a criminal prosecution." *Johnson v. Gray*, No. CIV A 305-2064-SB, 2007 WL 201029, at *1 n.2 (D.S.C. Jan. 22, 2007); *see Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Accordingly, the motion is **DENIED**.

Finally, with respect to Plaintiff's Motion to Seal, Plaintiff argues that it is necessary to seal this matter "to curtail Government retaliation and to accommodate under the Whistleblower Protection Act." (ECF No. 3 at 8.) However, "[t]he press and

the public have a common law right of access to judicial documents," *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 428 (4th Cir. 2005), which creates a presumption against sealing. This "right of public access . . . 'may be abrogated only in unusual circumstances.'" *Doe v. Public Citizen*, 749 F.3d 246, 266 (4th Cir. 2014) (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988)). Specifically, "the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). Given that Plaintiff purports to sue the federal government, limiting public access to the documents in this case will not be effective to shield Plaintiff's filings from the government and prevent the retaliation he claims will occur. Plaintiff has offered no other grounds to support his motion to seal. (*See* ECF No. 3.) However, given the sensitive nature of the documents Plaintiff attached to his Application to Proceed Without Prepayment of Fees or Costs (ECF No. 1-1), those documents shall remain under seal. All other documents shall be unsealed. Accordingly, the Motion to Seal is **GRANTED IN PART** and **DENIED IN PART**.

    **IT IS SO ORDERED**.

    The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: December 3, 2019

Dwane L. Tinsley
United States Magistrate Judge